**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

**ROBERT ANDREW ERICKSON,**                     **BANKRUPTCY**
                                                **CASE NO.: 8:10-bk-08257-KRM**


        **Debtor.**                             **CHAPTER 7**
_____/

**V. JOHN BROOK, as Chapter 7**
**Trustee of the estate of ROBERT ANDREW**
**ERICKSON,**

        **Plaintiff,**
                                                **ADVERSARY**
**v.**                                          **PROCEEDING NO.: _____**


**MONARCH LAW OFFICES, PC, an Oregon**
**professional corporation**
**and**
**EXPRESS RECOVERY SERVICES, INC., a**
**Utah corporation,**

        **Defendants.**
_____/

<u>**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES**</u>

        **COMES NOW** Plaintiff, V. John Brook, the Chapter 7 Trustee of the bankruptcy estate

of Robert Andrew Erickson, by and through the undersigned law firm, and sues Defendants,

Monarch Law Offices, PC, a professional corporation and Express Recovery Services, Inc., a

Utah corporation, and alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

        1.      On or about April 8, 2010 (the "Petition Date"), the Debtor, Robert Andrew

Erickson, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy

Code"), currently pending in this Court.

2.      Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

3.      The Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1334, 28 U.S.C. § 157(c), and the standing Order of Reference of the United States District Court, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

4.      This Court has "related to" jurisdiction in this action as a non-core proceeding related to the bankruptcy case and Plaintiff consents to this Court entering final judgment.

## PARTIES

5.      Plaintiff, V. John Brook ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Robert Andrew Erickson ("Erickson" or "Debtor"). Erickson is a natural person resident in the City of Tampa, County of Hillsborough, State of Florida, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" under Fla. Stat. § 559.72.

6.      Defendant, Express Recovery Services, Inc., a Utah corporation, together with its collecting agents ("Defendant," or "Defaulted Debt Purchaser," or "Express"), doing business in the State of Florida, and is a "debt collector," or "defaulted debt purchaser",  as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a person under Fla. Stat. § 559.72.

7.      Defendant, Monarch Law Offices, PC, an Oregon Professional Corporation, together with its collecting agents ("Collector Defendant" or "Monarch" and collectively with Defendant are "Defendants"), doing business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a person under Fla. Stat. § 559.72.

8.      All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendants were likely to conduct themselves and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

9.      The Defendants' communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have him pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor expressly communicating to the Defendants to stop calling Debtor.

10.      The Defendants' communications set forth below are wholly without excuse.

11.      At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

.**FACTUAL ALLEGATIONS**

12.      Debtor is alleged to owe Express debts (the "Alleged Debt"), including without limitation, debts that Defendants were collecting before the Debtor filed for bankruptcy.

13.     The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on May 12, 2010.

14.     Defendants made multiple collection calls each day on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

15.     It was the substance of the testimony of the Debtor, <u>sworn</u> <u>and</u> <u>under</u> <u>oath</u> at the 341 Hearing, that:

a) Defendants made five or more Collection Calls to Debtor each day, every day of the week.

b) Defendants made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt.

c) Defendants made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt.

d) Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt to represent Debtor regarding the Alleged Debt.

e) Defendants made two Collection Calls to Debtor after Debtor retained counsel, informed Defendants regarding retained counsel, and also provided counsel's contact information.

16.     Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told

Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor

after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two

Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010,

to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel,

and also provided counsel's contact information.

<u>**COUNT I**</u>

<u>**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15
U.S.C. § 1692 *et seq*. AS TO DEFENDANT EXPRESS**</u>

17.     This is an action against Express for violations of 15 U.S.C. § 1692 *et seq*.

18.     Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth

here-in.

19.     Express, in the conduct of its business, uses one or more instrumentalities of

interstate commerce or the mails, including, without limitation, electronic communication to

communicate with Debtor.

20.     The principal business of Express is the collection of debts and Express regularly

collects or attempts to collect, directly or indirectly, debts owed or due to another.

21.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

23.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

>    A debt collector may not communicate with a consumer in connection with the
>    collection of any debt ––
>
>    (1) at any unusual time or place or a time or place known or which should be
>    known to be inconvenient to the consumer. In the absence of knowledge of
>    circumstances to the contrary, a debt collector shall assume that the convenient
>    time for communicating with a consumer is after 8 o'clock antemeridian and
>    before 9 o'clock postmeridian, local time at the consumer's location

24.     Express violated 15 U.S.C. § 1692c(a)(1) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which is Express communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

25.     Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt ––
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

26.     Express violated 15 U.S.C. § 1692c(a)(2) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; and (2) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; which is communication with Debtor by

Express where Express knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

27.    Section 15 U.S.C. § 1692d provides in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28.    Express violated 15 U.S.C. § 1692d when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which was Express engaging Debtor in telephone conversation repeatedly or continuously intending to annoy, abuse or harass Debtor.

29.    Section 15 U.S.C. § 1692d(5) provides in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30.    Express violated 15 U.S.C. § 1692d(5) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009

through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which was Express engaging Debtor in telephone conversation repeatedly or continuously intending to annoy, abuse or harass Debtor.

     31.     Section 15 U.S.C. § 1692e provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

     32.     Express violated 15 U.S.C. § 1692e when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which was use of false, deceptive, or misleading representation or means by Express that Express could collect the Alleged Debt by abuse and

harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt..

33.     Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of ––

(A) the character, amount, or legal status of any debt;

34.     Express violated 15 U.S.C. § 1692e(2)(A) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; which is Express using false representation of the character, amount, or legal status of the Alleged Debt as a debt that can be collected by abuse and harassment and by unfair and deceptive practices, including violating the FCCPA, in connection with the collection of the Alleged Debt..

35.     Section 15 U.S.C. § 1692e(5) provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

36.     Express violated  15 U.S.C. § 1692e(5) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which is a threat by Express to Debtor to take action to continue to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices, which is an action that Express cannot legally take.

37.     Section 15 U.S.C. § 1692e(10) provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38.     Express violated 15 U.S.C. § 1692e(10) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring

continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which was Express's use of false representation or deceptive means to collect or attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA.

39.     Section 15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

40.     Express violated 15 U.S.C. § 1692f when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which is Express using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

41.     As a result of Express's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

42.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Express has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT EXPRESS

43.     This is an action against Express for violation of Fla. Stat. § 559.55 *et seq*.

44.     Plaintiff realleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

45.     Express is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

46.     Express communicated certain information to Debtor as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

47.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48.     Express violated Fla. Stat. § 559.72(7) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which is a willful communication with the Debtor with such frequency that Express could reasonably expect such communication to harass Debtor, or which was a willful engagement by Express in other conduct which could reasonably be expected to abuse or harass Debtor.

49.     Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

50.     Express violated Fla. Stat. § 559.72(9) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009

through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more

Collection Calls to Debtor each day, every day of the week, causing the phone to ring

continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor

could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told

Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to

Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor

regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided

counsel's contact information; all of which is an assertion of the existence of the legal right to

attempt to collect the Alleged Debt by unfair and deceptive practices, including violating the

FDCPA, which are rights Express knows do not exist, in violation of the FCCPA including Fla.

Stat. § 559.72(9).

      51.     Fla. Stat. § 559.72(18) provides, in pertinent part:

> In collecting consumer debts, no person shall:

> (18) Communicate with a debtor if the person knows that the debtor is represented
> by an attorney with respect to such debt and has knowledge of, or can readily
> ascertain, such attorney's name and address, unless the debtor's attorney fails to
> respond within 30 days to a communication from the person, unless the debtor's
> attorney consents to a direct communication with the debtor, or unless the debtor
> initiates the communication.

      52.     Express violated Fla. Stat. § 559.72(18) when Defendants (1) made multiple

Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009

through April 7, 2010 to Debtor attempting to collect the Alleged Debt; and (2) made two

Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010,

to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel,

and also provided counsel's contact information; which is a communication with Debtor by

Express where Express knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

53      All conditions precedent to this action have occurred, have been satisfied or have been waived.

54      As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Express is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

55      Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Express as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,**  Plaintiff respectfully requests this Court to enter a judgment against the Express, finding that the Express violated the FCCPA, awarding Plaintiff his actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.* AS TO COLLECTOR DEFENDANT MONARCH

56      This is an action against Monarch for violations of 15 U.S.C. § 1692 *et seq.*

57      Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth here-in.

58.     Monarch, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Debtor.

59.     The principal business of Monarch is the collection of debts and Monarch regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

60.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

61.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

62.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —–
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location

63.     Monarch violated 15 U.S.C. § 1692c(a)(1) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which is Monarch communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient

to Debtor.

64.     Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt —–

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

65.     Monarch violated 15 U.S.C. § 1692c(a)(2) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; and (2) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; which is communication with Debtor by Monarch where Monarch knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

66.     Section 15 U.S.C. § 1692d provides in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

67.     Monarch violated 15 U.S.C. § 1692d when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told

Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which was Monarch engaging Debtor in telephone conversation repeatedly or continuously intending to annoy, abuse or harass Debtor.

68.     Section 15 U.S.C. § 1692d(5) provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

69.     Monarch violated 15 U.S.C. § 1692d(5) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which was Monarch engaging Debtor in telephone conversation repeatedly or continuously intending to annoy, abuse or harass Debtor.

70.     Section 15 U.S.C. § 1692e provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or

means in connection with the collection of any debt.

71.    Monarch violated 15 U.S.C. § 1692e when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information. Defendant (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months in the year 2009 through April 8, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day; (3) made Collection Calls to Debtor after Debtor told Defendant that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendant to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor, after Debtor retained counsel, Paul E. Riffel, Esq., in March 8, 2010 to represent Debtor regarding the Alleged Debt. Debtor told that Debtor informed to Defendant regarding the counsel retention on both times when Defendant called to Debtor, and also provided counsel's contact information; all of which was use of false, deceptive, or misleading representation or means by Defendant that Monarch could collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt..

72.     Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of ––

(A) the character, amount, or legal status of any debt;

73.     Monarch violated 15 U.S.C. § 1692e(2)(A) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; which is Monarch using false representation of the character, amount, or legal status of the Alleged Debt as a debt that can be collected by abuse and harassment and by unfair and deceptive practices, including violations of the FCCPA, in connection with the collection of the Alleged Debt..

74.     Section 15 U.S.C. § 1692e(5) provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

75.     Monarch violated  15 U.S.C. § 1692e(5) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which is a threat by Monarch to Debtor to take action to continue to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices, which is an action that Monarch cannot legally take.

76.     Section 15 U.S.C. § 1692e(10) provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

77.     Monarch violated 15 U.S.C. § 1692e(10) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told

Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which was Monarch's use of false representation or deceptive means to collect or attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA.

78.     Section 15 U.S.C. § 1692f provides in pertinent part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

79.     Monarch violated 15 U.S.C. § 1692f when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which is Monarch using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

80.     As a result of Monarch's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages

pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

81.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Monarch has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

<u>**COUNT IV**</u>

<u>**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO COLLECTOR DEFENDANT MONARCH**</u>

82.    This is an action against Monarch for violation of Fla. Stat. § 559.55 *et seq.*

83.    Plaintiff realleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

84.    Monarch is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

85.    Monarch communicated certain information to Debtor as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

86.    Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or

his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

87.     Monarch violated Fla. Stat. § 559.72(7) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided counsel's contact information; all of which is a willful communication with the Debtor with such frequency that Monarch could reasonably expect such communication to harass Debtor, or which was a willful engagement by Monarch in other conduct, including violations of the FDCPA, which could reasonably be expected to abuse or harass Debtor.

88.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

89.     Monarch violated Fla. Stat. § 559.72(9) when Defendants (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009 through April 7, 2010 to Debtor attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtor each day, every day of the week, causing the phone to ring continuously; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor

could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told

Defendants to stop calling Debtor regarding the Alleged Debt; (5) made two Collection Calls to

Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010, to represent Debtor

regarding the Alleged Debt, informed Defendants regarding retained counsel, and also provided

counsel's contact information; all of which is an assertion of the existence of the legal right to

attempt to collect the Alleged Debt by unfair and deceptive practices, including violations of the

FDCPA, which are rights Monarch knows do not exist, in violation of the FCCPA including Fla.

Stat. § 559.72(9).

90.     Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented
by an attorney with respect to such debt and has knowledge of, or can readily
ascertain, such attorney's name and address, unless the debtor's attorney fails to
respond within 30 days to a communication from the person, unless the debtor's
attorney consents to a direct communication with the debtor, or unless the debtor
initiates the communication.

91.     Monarch violated Fla. Stat. § 559.72(18) when Defendants (1) made multiple

Collection Calls on multiple days in multiple weeks over multiple months January 1, 2009

through April 7, 2010 to Debtor attempting to collect the Alleged Debt; and (2) made two

Collection Calls to Debtor after Debtor retained counsel, Paul E. Riffel, Esq., on March 8, 2010,

to represent Debtor regarding the Alleged Debt, informed Defendants regarding retained counsel,

and also provided counsel's contact information; which is a communication with Debtor by

Monarch where Monarch knew Debtor was represented by an attorney as to the Alleged Debt

and knew, or could readily ascertain, the attorney's name and address.

92      All conditions precedent to this action have occurred, have been satisfied or have

been waived.

93      As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Monarch is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

94.      Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Monarch as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,**  Plaintiff respectfully requests this Court to enter a judgment against the Monarch, finding that the Monarch violated the FCCPA, awarding Plaintiff his actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated:  December 7, 2011

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Suite 210
Tampa, FL   33609
Phone: (813) 289-3200
Facsimile: (813) 289-3250

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee